Per Curiam.

Plaintiff’s contention that the board is without authority to impose permit and inspection fees is no longer an issue in this case because the city council of Alliance has, by ordinance, established a schedule of fees for such purpose. A municipality through its council has power to charge and collect reasonable inspection fees for the preservation of the public health. City of Dayton v. Jacobs, 120 Ohio St., 225, 165 N. E., 844.
The fees cannot be held to be discriminatory since all industries and businesses engaged in handling milk products within the city are required to pay the same fees. Plaintiff’s contention that the fees for inspection of sources of milk supply are unreasonable and have no relationship to the cost of inspection cannot be determined, since plaintiff has not furnished a list of the dairy farms producing milk for it, and it cannot be *345 determined what the cost of inspection of such dairy farms would be.
The court cannot, without weighing the evidence as to the sanitary condition at plaintiff’s plant, find that the board abused its discretion in refusing to grant a permit to plaintiff.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.